UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD MICHAEL KNAPP,

    Movant,

                                                 File No. 1:08-CV-811

v.

                                                 HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

    Respondent.

    _____/

## **O P I N I O N**

This matter comes before the Court on Movant Todd Michael Knapp's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Dkt. No. 1.) For the reasons that follow, this motion will be denied.

### I.

Movant was indicted on July 14, 2005, for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Movant was tried and found guilty on October 7, 2005. This Court, on January 13, 2006, sentenced Movant to sixty-six months of incarceration and three years of supervised release. (*United States v. Knapp*, W.D. Mich. File No. 1:05-CR-172, Dkt. No. 64.) Movant's conviction and sentence were affirmed on appeal. *United States v. Knapp*, No. 06-1145 (6th Cir. filed Jan. 20, 2006). On December 19, 2007, the Supreme Court denied Movant's petition for a writ of certiorari. Movant filed his § 2255 motion on August 27, 2008.

## II.

To prevail on a § 2255 motion, "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'" *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the movant shows either: (1) "cause" and "actual prejudice"; or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the movant could have raised it on direct appeal. *Id.*

A court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

### III.

Movant seeks relief based on ineffective assistance of counsel, for which he has three distinct claims: (1) counsel failed to file a pretrial motion to suppress evidence seized as the result of an allegedly illegal search; (2) counsel failed to investigate and discover that a key government witness was a convicted felon; and (3) counsel failed to object to a line of questioning by the government that allowed hearsay to be presented. (Dkt. No. 1.)

To make out a claim of ineffective assistance of counsel, Movant must show that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced Movant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "The benchmark for any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

Movant's first claim is that counsel failed to file a motion to suppress evidence, in particular a firearm, that was allegedly seized from Movant's house illegally. Incident to a

3

lawful arrest, authorities may search a person's area of "immediate control," which includes "the area from within which he might gain possession of a weapon or destructible evidence." *Chimel v. California*, 395 U.S. 754, 762 (1969). The record demonstrates that the police discovered a firearm wrapped in a handkerchief in "close proximity to where the defendant was." (Dkt. No. 67, Trial Tr. 42.) This statement indicates that the firearm was in Movant's area of "immediate control." Nevertheless, Movant argues that because he was secured in handcuffs and under the supervision of police when the firearm was first noticed and seized, the firearm is inadmissible as evidence because it was not within his area of immediate control at the time of the search. However, at the time of Movant's trial, the Sixth Circuit interpreted *Chimel* in a different manner:

> The search of the interior of a van by a police officer after the suspect had been removed from the van, and while a second police officer was "guarding" the suspect, was a valid search incident to arrest. There, we stated that "the front passenger area of the van was clearly within [the suspect's] immediate control." In that the suspect was no longer in the van, and was being guarded by a police officer, it is obvious that we were referring to the fact that the area had been within the suspect's control before he was removed from the van. This demonstrates that, in this Circuit, our consistent reading of *Belton*[1] has been that, once a police officer has effected a valid arrest, that officer can search the area that is *or was* within the arrestee's control.

*United States v. White*, 871 F.2d 41, 44 (6th Cir. 1989) (emphasis added) (citing *United States v. Hatfield*, 815 F.2d 1068, 1071 (6th Cir. 1987)). Although the interpretation of

---

[1]*New York v. Belton*, 453 U.S. 454 (1981) (interprets *Chimel* with regard to searches of vehicles incident to lawful arrest).

*Chimel* stated in *White* has since been overruled,[2] *White* was the governing Sixth Circuit authority at the time of Movant's trial, and the search in this case is materially analogous to the search in *White*. Thus, counsel's decision not to file a motion to suppress was not objectively unreasonable and did not prejudice Movant.

Movant's second claim is that counsel failed to investigate and discover that a key government witness was a convicted felon. Movant argues that this information could have been used to impeach the witness, who stated at trial that he was not a convicted felon. (File No. 1:05-CR-172, Dkt. No. 47, Anthony Phillips Test. 3.) The issue of whether counsel was objectively unreasonable in failing to discover this information and use it at trial is moot. This Court has already held that Movant was not prejudiced by the jury's lack of knowledge regarding the true extent of the witness's criminal history:

> Although the evidence indicates that Mr. Phillips had been convicted of a felony and of domestic violence and might have had reason to deny ownership or possession of a gun, this fact was not material to the finding of Defendant's guilt. Mr. Phillips was a collateral witness. Mr. Phillips was not a resident of the house, no one had ever seen him with a gun in the house, and most importantly, no one placed him in the basement on the day of Defendant's arrest. By contrast, the evidence linking Defendant to the gun, while circumstantial, was strong. Defendant was often in the basement and was seen in the vicinity of the bed where the gun was found immediately before he was arrested. Overall, the Court is satisfied that the verdict was not against the great weight of the evidence and that evidence of Mr. Phillips' felony conviction would not be likely to produce an acquittal upon retrial.

---

[2]*Arizona v. Gant*, 129 S. Ct. 1710, 1719 (2009) (rejecting *White*'s interpretation of *Belton* and holding that "the *Chimel* rationale authorizes police to search a vehicle incident to a recent occupant's arrest only when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search.")

(File No. 1:05-CR-172, Dkt. No. 56, Op. re Mot. for New Trial 7-8.) Thus, counsel was not ineffective for failing to discover that the witness was a convicted felon.

Movant's third claim is that counsel was ineffective for objecting too late to a line of questioning by the government that allowed hearsay to be presented. Movant's girlfriend testified that she had never seen Movant with a firearm. A subsequent witness, a police officer, testified that the girlfriend had told him that Movant did have possession of a firearm at some previous time. While counsel could have "objected to the questioning before the cat was out of the bag," this behavior did not prejudice Movant as the police officer's statement was valid impeachment testimony and not hearsay. (*Id.* at 9.) According to Federal Rule of Evidence 613(b), extrinsic evidence of a prior inconsistent statement of a witness is admissible if "the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate the witness thereon." The girlfriend was given the opportunity to explain this statement on redirect examination when she was asked, "[d]o you recall ever saying to the police officers that you had seen him with a firearm?" (File No. 1:05-CR-172, Dkt. No. 53, Renee Coon Test. 17.) In explanation, she had responded that, "I said I had seen a firearm out at his friend's house." (*Id.*) Defense counsel was given an opportunity to recross, which he declined. Thus, this evidence was admissible for impeachment purposes. *See Cox v. Treadway*, 75 F.3d 230, 238 (6th Cir. 1996) (holding that it is proper impeachment under F.R.E. 613(b) for a subsequent witness to testify about a prior witness's inconsistent statements, if the prior witness had been given

6

an opportunity to explain the statements).

The files and records in this case conclusively show that Movant is entitled to no relief under § 2255. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion. For the reasons stated herein, Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be denied.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability to Movant. To warrant a grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Upon review of each claim, the Court does not believe that reasonable jurists would find its assessment of Movant's claims debatable or wrong. Accordingly, a certificate of appealability will be denied as to each claim.

An order and judgment consistent with this opinion shall be entered.


Dated: July 19, 2010                    /s/ Robert Holmes Bell
                                                   ROBERT HOLMES BELL
                                                   UNITED STATES DISTRICT JUDGE